ROBERT CORN-REVERE
(*pro hac vice application to be filed*)
  bobcornrevere@dwt.com
RONALD G. LONDON
(*pro hac vice application to be filed*)
  ronnielondon@dwt.com
LISA B. ZYCHERMAN
(*pro hac vice application to be filed*)
  lisazycherman@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC  20006
Telephone: (202) 973-4200

ROCHELLE L. WILCOX (State Bar No. 197790)
  rochellewilcox@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California  90017
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Plaintiff
ROBERT VAN TUINEN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT VAN TUINEN**,<br><br>Plaintiff,<br><br>v.<br><br>**YOSEMITE COMMUNITY COLLEGE DISTRICT, DR. JOAN SMITH, JILL STEARNS, MICHAEL GUERRA, BRENDA THAMES, BECKY CROW, CHRISTINE SERRANO, DOE DEFENDANT 1,**<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

1

**DAVIS WRIGHT TREMAINE** LLP<br>865 S. FIGUEROA ST. SUITE 2400<br>LOS ANGELES, CALIFORNIA 90017-2566<br>(213) 633-6800<br>Fax: (213) 633-6899

Plaintiff Robert Van Tuinen complains of Defendants and alleges:

# I.     INTRODUCTION

1.     Each year on September 17 the United States celebrates the freedoms guaranteed by the Constitution and Bill of Rights.  Congress officially designated September 17 as "Constitution Day" to commemorate the anniversary of the date that the Constitution was signed in 1787.  Pursuant to that legislation, the Department of Education requires educational institutions that receive federal funding to hold educational programs pertaining to the United States Constitution on that date.  *Notice of Implementation of Constitution Day and Citizenship Day*, 70 Fed. Reg. 29727 (May 24, 2005).

2.     On September 17, 2013, the students of Modesto Junior College (the "College") received a very different lesson on Constitution Day, as the school's officials barred Plaintiff Robert Van Tuinen from distributing copies of the U.S. Constitution to fellow students in a public area of the campus.  Both a College security officer and a College administrator instructed Mr. Van Tuinen that he would be allowed to distribute his message and any written materials only in the College's "free speech zone" that occupies a miniscule proportion of its East Campus, and only after scheduling his planned activity several days or weeks ahead of time.  These actions were taken under College policies that not only require prior permission – with at least *five days*' notice – to engage in even such non-obtrusive speech as handing out literature, but also limit all individuals and student groups to using the free speech zone no more than eight hours each semester.  Given the size of the student body, the free speech "allowance" amounts to scarcely more than *two-and-half minutes* per student, per semester.  The policies contain no criteria for control of the free speech zone, which is thus left to the sole discretion of College security and administrators.

3.     The College's reflexive bureaucratic restriction of free expression is sadly ironic, as "[t]he essentiality of freedom in the community of American

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

universities is almost self-evident." *Sweezy v. New Hampshire*, 354 U.S. 234, 250 (1957).  In a long line of cases, the United States Supreme Court has made clear that "[t]eachers and students must always remain free to inquire, to study and to evaluate, to gain new maturity and understanding; otherwise our civilization will stagnate and die."  *Id*.  The Court has stressed that "state colleges and universities are not enclaves immune from the sweep of the First Amendment." *Healy v. James*, 408 U.S. 169, 180 (1972).  Quite to the contrary, "[t]he vigilant protection of constitutional freedoms is nowhere more vital than in the community of American schools." *Id*. (quoting *Shelton v. Tucker*, 364 U.S. 479, 487 (1960)).  Accordingly, courts have zealously guarded the freedoms of speech, assembly, and petition in recognition that "[t]he college classroom with its surrounding environs is peculiarly the 'marketplace of ideas," *id*, and that "[t]he first danger to liberty lies in granting the State the power" to limit these freedoms "against a background and tradition of thought and experiment that is at the center of our intellectual and philosophic tradition." *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 835 (1995).

4.     This is a civil rights action to protect and vindicate the First and Fourteenth Amendment rights of Mr. Van Tuinen and his fellow students in the Yosemite Community College District (the "District"), as well as their rights under Article 1 of the California Constitution.  By policy and practice, the District unlawfully restricts the College's students' constitutional rights to free expression. The policies enforced against Plaintiff are facially overbroad and prohibit the exercise of rights to free expression on the District's college campuses.

5.     This action seeks declaratory and injunctive relief, damages, and attorneys' fees, to vindicate and safeguard the fundamental constitutional rights of Mr. Van Tuinen and his fellow students to freedom of speech and due process of law as secured by the First and Fourteenth Amendments of the United States Constitution, and by the Liberty of Speech Clause in the California Constitution.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The College's and District's policies and enforcement practices are challenged on their face and as applied to Mr. Van Tuinen.

## II.    JURISDICTION AND VENUE

6.    This action arises under the United States Constitution, particularly the First and Fourteenth Amendments, and the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988.

7.    This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

8.    This Court has authority to grant the requested declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

9.    This Court has authority to issue the requested injunctive relief pursuant to 42 U.S.C. § 1983 and Federal Rule of Civil Procedure 65.

10.    This Court has authority to award attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

11.    This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a), and it is authorized to award attorneys' fees and costs pursuant to Cal. Code Civ. Proc. § 1021.5.

12.    Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the instant claim occurred within this District and because at least one Defendant resides in this District.

## III.    PLAINTIFF

13.    Plaintiff Robert Van Tuinen is, and was at all times relevant to this Complaint, a United States Army Veteran and resident of Modesto, California, who is presently a student at the College pursuing an associate degree.

## IV.    DEFENDANTS

14.    Defendant Yosemite Community College District, a public community college district organized and existing under the laws of the State of California, is

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

one of 72 community college districts in the State, with oversight responsibility for Modesto Junior College and Columbia College.  It also operates a Central Services unit for them.

15.     Defendant Dr. Joan E. Smith serves as Chancellor and Chief Executive Officer of the Yosemite Community College District. She is responsible for the District's administration and policy-making, including the policies and procedures challenged herein that were applied to deprive Mr. Van Tuinen of his constitutional rights.  Defendant Smith acquiesced in, sanctioned, and supported the actions of Defendants Stearns, Guerra, Thames, Crow, Serrano, and Doe Defendant 1 in enforcing these policies against Mr. Van Tuinen.  Defendant Smith acted under color of state law when she violated Mr. Van Tuinen's constitutional rights to free expression. Defendant Smith is sued in her official capacity.

16.     Defendant Jill Stearns is, and was at all times relevant to this Complaint, the President of Modesto Junior College, a public community college organized and existing under the laws of the State of California. She is responsible for enactment and enforcement of College polices, including the policies and procedures challenged herein that were applied to deprive Mr. Van Tuinen of his constitutional rights.  Defendant acted under color of state law when she violated Mr. Van Tuinen's constitutional rights to free expression.  Defendant Stearns is sued in her official capacity.

17.     Defendant Michael Guerra is, and was at all times relevant to this Complaint, Vice President of College Administrative Services at Modesto Junior College.  He is responsible for overseeing and enforcing the policies and procedures challenged herein that were applied to deprive Mr. Van Tuinen of his constitutional rights.  Defendant Guerra acted under color of state law when he violated Mr. Van Tuinen's constitutional rights to free expression.  Defendant Guerra is sued in his official capacity.

COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

18.     Defendant Brenda Thames is, and was at all times relevant to this Complaint, Vice President of Student Services at Modesto Junior College. She is responsible for overseeing and enforcing the policies and procedures challenged herein that were applied to deprive Mr. Van Tuinen of his constitutional rights. Defendant Thames acted under color of state law when she violated Mr. Van Tuinen's constitutional rights to free expression.  Defendant Thames is sued in her official capacity.

19.     Defendant Becky Crow is, and was at all times relevant to this Complaint, Director of Campus Safety at Modesto Junior College. She is responsible for overseeing and enforcing the policies and procedures challenged herein that were applied to deprive Mr. Van Tuinen of his constitutional rights. Defendant Crow acted under color of state law when she violated Mr. Van Tuinen's constitutional rights to free expression.  Defendant Crow is sued in her official capacity.

20.     Defendant Christine Serrano is, and was at all times relevant to this Complaint, an Administrative Specialist at Modesto Junior College.  Ms. Serrano was the College administrator who told Mr. Van Tuinen that because of "a time, place, and manner" restriction he could pass out literature only inside the College's "free speech area," after Constitution Day.  Defendant Serrano acted under color of state law when she violated Mr. Van Tuinen's constitutional rights to free expression. Defendant Serrano is sued both in her individual and official capacities.

21.     Doe Defendant 1 is, and was at all times relevant to this Complaint, a campus security officer at Modesto Junior College.  Doe Defendant 1 was the College security officer who prevented Mr. Van Tuinen from distributing copies of the U.S. Constitution to fellow students outside the College student center.  Doe Defendant 1 acted under color of state law when he violated Mr. Van Tuinen's constitutional rights to free expression.  Doe Defendant 1 is sued both in his individual and official capacities.

COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# V.    STATEMENT OF FACTS

### A.    Violation of Plaintiff's Constitutional Rights

22.    On September 17, 2013, Mr. Van Tuinen endeavored to distribute copies of the U.S. Constitution to fellow students outside the campus student center at Modesto Junior College.

23.    Approximately ten minutes after he began handing out copies of the Constitution, a College campus security officer, Doe Defendant 1, arrived and told Mr. Van Tuinen that any individual who wants to distribute pamphlets or literature on campus must first register with the College Student Development office.

24.    Mr. Van Tuinen responded that requiring him to pre-register with College officials in order to distribute copies of the Constitution would impair his freedom of speech.  After Doe Defendant 1 insisted that Mr. Van Tuinen would not be permitted to continue speaking to students or distributing literature without official approval, Mr. Van Tuinen followed the officer into the student center.

25.    Once inside, Mr. Van Tuinen explained to Doe Defendant 1 that he intended to start a chapter of Young Americans for Liberty at the College and wanted to distribute copies of the Constitution to spark student interest.   Doe Defendant 1 told Mr. Van Tuinen that "as a student on campus passing out anything whatsoever, you have to have permission through the Student Development office." Doe Defendant 1 then directed Mr. Van Tuinen to the Student Development office.

26.    In the Student Development office, Mr. Van Tuinen spoke with Administrative Specialist Christine Serrano.   Defendant Serrano told Mr. Van Tuinen that because of "a time, place, and manner" restriction, he could distribute literature only inside the "free speech area," which was located "in front of the student center, in that little cement area."  The "free speech area" is a small, slightly raised concrete "stage" that makes up a minuscule portion of the College campus, as described in Paragraph 38 of this Complaint.

COMPLAINT

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

27.    Defendant Serrano told Mr. Van Tuinen to fill out an application, which she indicated would require providing, among other things, a photocopy of his student identification card. Defendant Serrano informed Mr. Van Tuinen that she had "two people on campus right now, so you'd have to wait until either the 20th, 27th, or you can go into October." Mr. Van Tuinen reiterated his desire to pass out copies of the Constitution that day – on Constitution Day. Defendant Serrano denied his request, stating "you really don't need to keep going on."

28.    Defendant Serrano then telephoned an unnamed person and informed that individual that Mr. Van Tuinen "just wants to question the authority of why can't he hand out constitutional-type papers." Thereafter, Defendant Serrano told Mr. Van Tuinen that he would have to make an appointment with College Vice President of Student Services Brenda Thames so that she could further explain to him "what the time, place, and manner is."

29.    On information and belief, when Doe Defendant 1 approached Mr. Van Tuinen outside the student center, when he spoke with him within the student center, and when he directed Mr. Van Tuinen to the Student Development office, Doe Defendant 1 knew, or should have known, that Mr. Van Tuinen would be instructed that he must restrict his distribution of literature to the "free speech area," subject to the application and other limits that doing so entails.

30.    Doe Defendant 1 and Defendant Serrano censored Mr. Van Tuinen's lawful and constitutionally protected expression.

31.    The actions by Doe Defendant 1 and Defendant Serrano have caused Mr. Van Tuinen to refrain from expressing his beliefs or distributing literature while on campus for fear of being punished under College or District policies.

32.    Doe Defendant 1 and Defendant Serrano knew or should have known that preventing Mr. Van Tuinen from speaking and distributing literature in public areas of the College campus violates his clearly established constitutional rights.

COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**B.  The District's and College's Policies**

33.   The Yosemite Community College District includes two two-year colleges (Columbia College and Modesto Junior College).   In the 2011-2012 academic year, 16,209 Full Time students were enrolled.   The District had a 2011-2012 budget of $114.4 million.

34.   The District promulgates Policies and Administrative Procedures pursuant to Cal. Educ. Code §§ 66300 and 70902.

35.   District Policy 3900 (formerly policy 5550) titled "Time, Place & Manner," provides that "[t]he Colleges of the District are non-public forums, except for those areas designated as 'free speech areas', which are limited public forums." (*See* Exhibit A.)   District Policy 3900 also establishes that "The Chancellor shall enact such administrative procedures as are necessary to reasonably regulate the time, place and manner of the exercise of free expression in the limited public forums."   Policy 3900 further states: "The administrative procedures promulgated by the Chancellor shall not prohibit the right of students to exercise free expression, including but not limited to the use of bulletin boards designated for such use, the distribution of printed materials or petitions in those parts of the College designated as 'free speech areas', and the wearing of buttons, badges, or other insignia."

36.   Pursuant to District Policy 3900, the College adopted and published "Guidelines and Procedure for Requesting College Facilities for Free Speech" (the "College Guidelines").   (*See* Exhibit B.)   The College Guidelines state that District Policy 3900 was promulgated "in furtherance of and consistent with California Education Code § 76120," and it "provides that Colleges of the District are non-public forums, except for those areas on each campus designated as 'free speech areas,' which are deemed limited public forums."

37.   California Education Code § 76120, however, does not declare that campuses are non-public forums, and states that "[s]uch rules and regulations shall

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

COMPLAINT

not prohibit the right of students to exercise free expression," including "the distribution of printed materials or petitions."

38.    Nevertheless, the College Guidelines confine all approved campus expression to two small areas of the campus.  The College Guidelines state that pursuant to District Policy 3900, the College has identified "appropriate locations on campus to be used as limited public forum use as prescribed by [District] Board Policy."  According to the College Guidelines, "Limited public forums on Modesto Junior College's campus" include, at the College's East Campus, "the stage area northeast of the Quad," and "Free Speech boards … located in front of the Student Center."  The East Campus Map shows this area of the Quad.  It is indicated by the green shaded area. (*See* Exhibit C, East Campus Map, modified with color and explanation, and related photograph.)  At its longest and widest points, Plaintiff estimates that the free speech area on the East Campus is approximately 28 feet long, and 22 feet across, though it is irregularly shaped with several angles and small outcroppings, but in any event comprises approximately 600 square feet.  The College Guidelines further provide a "[l]imited public forum" at the College's West Campus, a space "designated in the Quad area in between Yosemite and Sierra Halls," and "Free Speech boards … located inside Mary Stuart Rogers Student Learning Center."

39.    The College's East and West Campuses have many suitable open areas and sidewalks beyond the free speech areas where student expressive activity, including distribution of literature, will not interfere with or disturb access to College buildings or sidewalks, impede vehicular or pedestrian traffic, or in any way substantially disrupt the operations of campus or the College's educational functions.

40.    The College Guidelines state that the College "reserves the right to assign applicants to use limited public forum locations based upon College

COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

operations," without describing any criteria the College applies to assigning free speech applicants to a specific location.

41.     The College Guidelines further require that students request permission to distribute printed materials on campus.  According to the College Guidelines:

> To use the free speech areas, student groups or individuals must submit a completed "Limited Public Forum Request Form" to the Office of Student Development and Campus Life for approval **not less than five (5) working days** prior to the proposed date of use.  * * *   Student requests submitted less than five (5) working days before the proposed date of use ("last minute requests") will be considered, but must be reviewed by the Student Activities Advisor, and reconciled with the College Facilities Office.

(Emphasis added).

42.     In addition, the College Guidelines limit individuals or groups to eight hours of access to the "free speech areas" per semester.  "Requests for additional time per semester may be authorized by administration if space and time is available."  With just over 17,900 students enrolled, a Fall semester that runs for 16 weeks from August 26 through December 14, 2013, and Guidelines restricting the availability of the "free speech zone" to "normal hours of operation," which generously construed might encompass 8 a.m. to 6 p.m. Mondays through Fridays, students are even more limited in their ability to exercise their rights to free speech. Indeed, if each student sought to exercise his or her right to free expression on the East Campus, they would be able to do so for a mere 2.57 minutes *per semester*.

43.     The College's "Limited Public Forum Request Form," affirms that the College requires "5 Working Days … For Processing."  (*See* Exhibit D.)  Students must indicate on the form whether they plan to use the East Campus or West Campus free speech area, and the hours of use, submit a form of identification, and affirm that "the guidelines for use of the free speech areas will be followed."

44.     The College Guidelines do not provide standards to guide the discretion of the public officials of the College tasked with reviewing requests to

COMPLAINT

11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

use "free speech areas" or to evaluate requests for additional time, thus empowering such public officials to administer the policy arbitrarily or on the basis of impermissible factors.

45.     Because the policy functions as a licensing scheme with which students must comply before engaging in the exercise of their free speech rights, the policy constitutes a prior restraint on speech, resulting in censorship.

46.     Students are subject to disciplinary action for violating District and College rules and regulations.  The College Guidelines state that "[r]efusal to cooperate with the … guidelines will subject the user to possible punitive action, including, but not limited to, termination of the program in process; denial of further use of Free Speech Areas; Discipline; Probation; Suspension; Expulsion and/or Removal from campus."

47.     District Policy 3900 and the College Guidelines have a chilling effect on Mr. Van Tuinen's rights, and those of all students of the District and the College, to engage freely and openly in expressive activities, including distributing literature.

48.     Mr. Van Tuinen wishes to engage in expressive activities, including distributing literature, on the College's campus without the need to obtain advance approval from College officials, but he has not done so since being censored by Doe Defendant 1 and Defendant Serrano on September 17, 2013, for fear of disciplinary action.

49.     All of the acts of Defendants, their officers, agents, employees, and servants were executed, and are continuing to be executed, by the Defendants under the color and pretense of the policies, statutes, ordinances, regulations, customs, and usages of the State of California.

50.     Because the policies and actions of Defendants prevent Mr. Van Tuinen from exercising his constitutional rights to free expression at the College, he is suffering irreparable injury.

COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

51.     Defendants' policies and actions create a hostile atmosphere for free expression on campus, chilling the speech of other College students who are not before the Court.

## VI.      CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### As-Applied Violation of Plaintiff's Right to Free Speech Under
### the First and Fourteenth Amendments (42 U.S.C. § 1983)

52.     Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

53.     The First and Fourteenth Amendments extend to campuses of state colleges and universities. *Healy v. James*, 408 U.S. at 180.

54.     The College bears the burden of justifying regulation of expressive activity in the public areas of the campus.

55.     By stopping Plaintiff's lawful activities distributing copies of the U.S. Constitution on the Modesto Junior College campus without prior approval and outside the "free speech zone," Defendants have explicitly and implicitly chilled Plaintiff's free expression, and have deprived Plaintiff of his clearly established rights to freedom of speech and expression secured by the First and Fourteenth Amendments to the Constitution of the United States.

56.     Doe Defendant 1 and Defendant Serrano violated a clearly established constitutional right of which all reasonable college administrators and staff should have known, rendering them liable to Mr. Van Tuinen under 42 U.S.C. § 1983.

57.     The denial of constitutional rights is irreparable injury *per se*, and Mr. Van Tuinen is entitled to declaratory and injunctive relief.  As a consequence of being denied his First Amendment right to distribute copies of the U.S. Constitution on Constitution Day, Plaintiff experienced significant emotional pain and anguish.

58.     Plaintiff is entitled to a declaration that Defendants violated his First Amendment rights.  Additionally, Plaintiff is entitled to damages in an amount to be

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

determined by the evidence and this Court, and the reasonable costs of this lawsuit, including his reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### As-Applied Violation of the Right to Liberty of Speech Under
### the California State Constitution

59. Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

60. Plaintiff's peaceful speech activities are protected under article 1, section 2 of the California Constitution.

61. By stopping Plaintiff's lawful activities distributing copies of the U.S. Constitution on the College campus without prior approval and outside the "free speech zone," Defendants, acting under color of state law and according to policy and practice, have explicitly and implicitly chilled Plaintiff's free expression, and deprived Plaintiff of his clearly established rights to freedom of speech protected under article 1, section 2 of the California Constitution.

62. Because of Defendants' policies and actions, Plaintiff has suffered, and continues to suffer, irreparable injury that cannot be fully compensated by an award of money damages.

63. Plaintiff is entitled to a declaration that Defendants violated his Liberty of Speech rights under the California Constitution. Additionally, Plaintiff is entitled to damages in an amount to be determined by the evidence and this Court, and the reasonable costs of this lawsuit, including his reasonable attorneys' fees.

COMPLAINT

14

# THIRD CAUSE OF ACTION

## Facial Challenge to Violation of Right to Free Speech Under the
## First and Fourteenth Amendments (42 U.S.C. § 1983) – Prior Restraint

64.     Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

65.     Students have a First Amendment right to engage in expressive activities and to distribute written materials in the public areas of a state college without obtaining advance permission from government officials. *Widmar v. Vincent*, 454 U.S. 263, 267 n.5 (1981); *Papish v. Board of Curators of Univ. of Mo.*, 410 U.S. 667 (1973); *Jews for Jesus, Inc. v. City Coll. of San Francisco*, 2009 WL 86703, at *3 (N.D. Cal. Jan. 12, 2009).

66.     A permitting requirement is a prior restraint on speech and therefore bears a heavy presumption against its constitutionality. *Berger v. City of Seattle*, 569 F.3d 1029, 1037 (9th Cir. 2009). The presumptive invalidity and offensiveness of advance notice and permitting requirements stem from the significant burden they place on free speech.

67.     The policies and conduct of Defendants restricting all First Amendment protected speech by requiring an advance application to engage in such activity before allowing expressive activities on the College campus grounds is an unconstitutional prior restraint on First Amendment rights.

68.     Laws that subject the exercise of First Amendment freedoms to the prior restraint of a license, without narrow, objective, and definite standards to guide the licensing authority, are unconstitutional. *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 150-51 (1969). Defendants' policies vest unfettered discretion in College security and administrative personnel to restrict constitutionally protected expression.

69.     As a direct result of the Defendants' continued maintenance of District Policy 3900 and the College Guidelines, Plaintiff and other similarly situated

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

COMPLAINT

students have been, and will continue to be, irreparably injured in that they have been, and will be, deprived of their right to free speech under the First and Fourteenth Amendments to the Constitution.

70.    As a legal consequence of the Defendants' violation of Plaintiff's and other similarly situated students' First and Fourteenth Amendment rights, Plaintiff is entitled to injunctive relief, and the reasonable costs of this lawsuit, including his reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### Facial Challenge to Violation of Right to Free Speech Under the Plaintiff's First and Fourteenth Amendment Rights (42 U.S.C. § 1983) – Overbreadth

71.    Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

72.    The College bears the burden of justifying any regulation of expressive activity in the public areas of the campus.  Any restrictions on speech in public areas must serve a substantial public interest and must be narrowly tailored and applied so as not to burden more speech than is essential.

73.    Even purportedly neutral regulations, such as time, place, or manner restrictions, must be narrowly tailored and must not burden more speech than necessary to achieve a substantial governmental interest.

74.    The College cannot legitimately declare the vast majority of public areas on campus to be "non-public forums."  *McGlone v. Bell*, 681 F.3d 718 (6th Cir. 2012).  Nor can the College identify a substantial governmental interest to be served by preventing individuals from speaking through the distribution of literature in the public areas of campus.

75.    The policy restricting all First Amendment protected speech to designated "free speech zones" at the College is unconstitutionally overbroad

COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

because it does not serve a significant governmental interest, is not narrowly drawn, and impermissibly restricts student expression.

76. The policies restricting speech on campus burden far more speech than is necessary to serve the asserted interest. Rather than being narrowly tailored to protect speech as the Constitution requires, the College policies are tailored to preclude speech. Among other, less speech-restrictive alternatives, the College could enforce rules against those who actually disrupt traffic and/or educational activities or who engage in disorderly conduct.

77. As a direct result of the Defendants' continued maintenance of District Policy 3900 and the College Guidelines, students at the College are deprived of their right to free speech under the First and Fourteenth Amendments to the Constitution.

78. As a legal consequence of the Defendants' violation of Plaintiff's and other similarly situated students' First and Fourteenth Amendment rights, as alleged above, Plaintiff is entitled to injunctive relief, and the reasonable costs of this lawsuit, including his reasonable attorneys' fees.

### FIFTH CAUSE OF ACTION

### <u>Facial Challenge to Violation of Right to Free Speech Under the Plaintiff's First and Fourteenth  Amendments Rights (42 U.S.C. § 1983) – Vagueness</u>

79. Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

80. A state enactment is void for vagueness if the prohibitive terms are not clearly defined such that a person or ordinary intelligence can readily identify the applicable standard for inclusion and exclusion. *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

81. Defendants' policies restricting speech fail to adequately advise the students subject to discipline under them of the obligations the policies create, and

COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

are unconstitutionally vague on their face in violation of the First Amendment and of the due process guarantee of the Fourteenth Amendment to the U.S. Constitution.

82.     Defendants' policies do not provide standards to guide the discretion of public officials at the College as to whether the College Guidelines apply to particular acts of free expression in the first instance, or for reviewing requests to use "free speech areas," or for evaluating requests for additional time beyond the eight hours of free expression allotted to each student per semester.  This empowers such public officials to administer the policy on the basis of impermissible factors or through arbitrary application.

83.     Because of Defendants' policies and actions, Plaintiff has suffered, and continues to suffer, economic injury and irreparable harm.  Plaintiff is therefore entitled to injunctive relief, and the reasonable costs of this lawsuit, including his reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**

**<u>Facial Challenge to Violation of the Right to Liberty of Speech</u>**

**<u>Under the California Constitution</u>**

84.     Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

85.     Under California law applicable to restrictions implicating the Liberty of Speech Clause in the State constitution, for a restriction governing speech in a public forum to survive, the communicative activity must be basically incompatible with the normal activity of that particular place at a particular time.  *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 857 (9th Cir. 2004).

86.     The policies and conduct of Defendants restricting all First Amendment protected speech by requiring an advance application to engage in such activity before allowing expressive activities on the College campus grounds is an unconstitutional prior restraint on the Liberty of Speech. This is so because no compelling governmental interest is advanced by the policy, the policy is over-

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

broad, and there are no guidelines for application of the policy by administrators. The policy vests unfettered discretion in Defendants to restrict constitutionally protected expression.

87.     The Defendants' purported "time, place and manner" restrictions are unreasonable in light of the purpose of the forum, are overly broad, and are not narrowly tailored to serve significant government interests nor leave open ample alternative channels of communication.

88.     As a proximate result of Defendants' actions, Plaintiff and other similarly situated students have been and will continue to be irreparably injured in that they have been and will be deprived of their rights under the Liberty of Speech Clause in the California Constitution.

89.     As a direct result of the Defendants' violation of the Plaintiff's and other similarly situated students' constitutional rights, and of the continued maintenance of District Policy 3900 and the College Guidelines, students at the College continue to be prohibited from engaging in constitutional speech activities.

90.     As a legal consequence of the Defendants' violation of Plaintiff's and other similarly situated students' Liberty of Speech rights, as alleged above, Plaintiff is entitled to injunctive relief, and the reasonable costs of this lawsuit, including his reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION

### Section 1983 *Monell* Claim (Defendant

### Yosemite Community College District)

91.     Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

92.     A government body such as the District here may be held liable under 42 U.S.C. § 1983, when the execution of government policy or custom, that may be fairly said to represent its official policy, inflicts injury on a plaintiff.  Section 1983 also allows liability for constitutional violations committed by government

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

employees if the government body itself is responsible for causing constitutional deprivations. *Monell* liability can further rest on ratification by a final policymaker, or for damages caused by a failure to train employees that leads to the deprivation of constitutional rights.

93.     In prohibiting Mr. Van Tuinen from distributing copies of the Constitution on the Modesto Junior College campus without obtaining prior approval and limiting his activities to the "free speech areas," Defendants violated Mr. Van Tuinen's clearly established rights under the First and Fourteenth Amendments to the United States Constitution.

94.     At all times relevant to this Complaint, Defendants were acting under color of the laws of the State of California and of Stanislaus, Tuolumne, Calaveras, Merced, San Joaquin, and Santa Clara Counties.

95.     At the time of Mr. Van Tuinen's unlawful prohibition from distributing written materials, California Education Code § 76120 provided that state colleges may not promulgate rules and regulations that "prohibit the right of students to exercise free expression," including "the distribution of printed materials or petitions."

96.     Nonetheless, Doe Defendant 1 and Defendant Serrano interfered with and prevented Mr. Van Tuinen from distributing written materials on the Modesto Junior College campus.  And further, the District and College promulgated policies limiting student speech activities to designated "free speech areas," and required prior approval to use such facilities.

97.     The District fails to train its administrators and employees adequately with respect to the First Amendment rights of college students, displaying deliberate indifference to the student body's constitutional rights.

98.     On information and belief, the District failed to supervise and discipline its administrators and employees for unlawfully interfering with the First Amendment right of students to engage in expressive activities and distribute

COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

written materials in the public areas of a state college without obtaining advance permission from government officials, displaying deliberate indifference to its citizens' constitutional rights.

99.   These unconstitutional policies, customs, and practices of the District were the moving force behind the violation of Mr. Van Tuinen's constitutional rights by Doe Defendant 1 and Defendant Serrano.

100.   As a direct and proximate result of the District's unconstitutional policies, customs and practices, Mr. Van Tuinen suffered lost opportunities to speak and significant emotional pain and anguish.   Plaintiff is thus entitled to a declaration that Defendants violated his First Amendment rights.   Additionally, Plaintiff is entitled to damages in an amount to be determined by the Court, and the reasonable costs of this lawsuit, including his reasonable attorneys' fees.

## EIGHTH CAUSE OF ACTION

## Declaratory Judgment and Injunction (28 U.S.C. § 2201, et seq.)

101.   Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

102.   An actual controversy has arisen and now exists between Plaintiff and Defendants concerning Plaintiff's rights under the United States Constitution and under California's Constitution.   A judicial declaration is necessary and appropriate at this time as to Counts I through VII above.

103.   Plaintiff desires a judicial determination of his rights against Defendants as they pertain to Plaintiff's right to speak, assemble, and distribute literature on the outdoor campus areas of Modesto Junior College without being subjected to a prior restraint or "time, place, and manner" regulations that are unreasonable, that are not narrowly tailored to serve a substantial governmental interest, and that do not leave open ample alternative channels of communication.

104.   To prevent further violation of Plaintiff's constitutional rights by Defendants, it is appropriate and proper that a declaratory judgment issue, pursuant

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, declaring the District's and the College's policies unconstitutional.

105.   Furthermore, pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65, it is appropriate and hereby requested that this Court issue a permanent injunction prohibiting the Defendants from enforcing their restrictions on Plaintiff's expressive activities to the extent they are unconstitutional, to prevent the ongoing violation of Plaintiff's constitutional rights.   Plaintiff and his fellow students are suffering irreparable harm from continued enforcement of the District's and College's unconstitutional policies, monetary damages are inadequate to remedy their harm, and the balance of equities and public interest both favor a grant of injunctive relief.

## VII.      PRAYER FOR RELIEF

WHEREFORE, Plaintiff Robert Van Tuinen respectfully requests that the Court enter judgment against Defendants and provide Plaintiff the following relief:

A.      A declaratory judgment stating that Defendants' speech codes are unconstitutional facially and as-applied and that they violate the Plaintiff's rights as guaranteed under the First and Fourteenth Amendments to the United States Constitution and by the Liberty of Speech Clause of California's Constitution;

B.      A permanent injunction restraining enforcement of Defendants' unconstitutional speech codes and enforcement practices;

C.      A declaratory judgment that Defendants' censorship of Plaintiff's expressive activity of distributing copies of the U.S. Constitution without prior approval and outside the "free speech zone" violated his First and Fourteenth Amendment rights and the California Constitution's Liberty of Speech Clause;

D.      Monetary damages in an amount to be determined by the Court to compensate for the Defendants' application of the illegal speech codes to interfere with Plaintiff's expressive activity of distributing copies of the U.S. Constitution without prior approval and outside the "free speech zone;"

COMPLAINT

22

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

E.   Plaintiff's reasonable costs and expenses of this action, including attorneys' fees, in accordance with 42 U.S.C. § 1988, Cal. Code Civ. Proc. § 1021.5, and other applicable law; and

F.   All other further relief to which Plaintiff may be entitled.

## VIII.   DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues properly triable by jury in this action.

DATED:  October 10, 2013      DAVIS WRIGHT TREMAINE LLP
ROBERT CORN-REVERE (*pro hac vice to be filed*)
RONALD G. LONDON (*pro hac vice to be filed*)
LISA B. ZYCHERMAN (*pro hac vice to be filed*)
ROCHELLE L. WILCOX


By: /s/ Rochelle L. Wilcox
            Rochelle L. Wilcox

Attorneys for Plaintiff
Robert Van Tuinen

COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899